AUGUSTUS THEODORE CAPERS JR.
861 MAIN STREET, 1ST FLOOR
HACKENSACK,NEW JERSEY 07601-4907
(201) 880-8682

PLAINTIFF: *PRO SE*

RECEIVED-CLERK
U.S. DISTRICT COURT

2006 DEC -1  A ⚫ 29

No.: *06-5780 (SDW)*

IN THE

UNITED STATES DISTRICT COURT FOR THE THIRD CIRCUIT

NEWARK, NEW JERSEY

CLERK'S OFFICE

DECEMBER 1ST, 2006

---

| | | |
|---|---|---|
| AUGUSTUS T. CAPERS JR. | : | COMPLAINT AND DEMAND FOR JURY TRIAL |
| -PLAINTIFF | : | |
| vs. | : | UNITED STATES SECURITIES & EXCHANGE COMM. FILE #'s'.: HO1189468 & HO1189874 |
| QUEST CAPITAL STRATEGIES, INC. | : | |
| -DEFENDANT(S). | : | |
| | : | |

---

## PRELIMINARY STATEMENT

Where, plaintiff requests:

(1.)    The court permanently enjoin respondent, mits agent, successors, employees, attorneys, and those acting in concert withit or at its direction, from continuing or maintaining the policy, practice, custom, and usage of denying, abridging, conditioning, limiting, or otherwise interfering with th right of plaintiff to compensation, and enjoyment of opportunity with respect to other terms and conditions of investors new account application and client guide & investors account agreement (effective February 11th, 2003); Exhibit A(1);


(2.)    Governed by the Securities & Exchange Act of 1933; Rule 15c3-3: Customers'- protection reserves and  custody of securities regulates the handling of customers' fully paid securities and excess Margin securities ( securities value in excess of MARGIN REQUIREMENTS) with broker-dealers.  Fully paid securities must be segregated, and the broker must make weekly deposits to a  Special Reserve Bank Account for the Exclusive Benefit of Customers.


(3.)    Securities acquired in recapitalization: person who acquired securities as a result of recapitalization, MERGER, consolidation, or transfer of corporate assets may sell such securities without REGISTRATION under stipulated conditions. Rule 145 ; Securities & Exchange Act of 1933

(2)

(4.)     Unauthorized trading in accounts embracing my Rep. #: V-14; and giving misrepresentations and false & misleading statements in response to complaints by me, the palpable Registered Representative.  This was all done before any indication of freezing the accounts.  I had to initiate the accounts being frozen; by calling the Clearing House (ADP Clearing & Outsourcing Services).  The president of the firm halted me from trading on October 8th, 2006.  All trades after this date are unauthorized in accounts' #: 575-12043 & 575-12081 (this account will be journalized into account #: 575-12043).

(3)

COMPLAINT

FIRST COUNT

Plaintiff complains against defendant and for relief alleges:

I.      ALLEGE JURISDICTIONAL FACTS

This is a suit for injunctive and other relief authorized by and instituted pursuant to

U.S.A.C. Title 9 Arbitration §§ 10-16 of Chapter 1. General Provisions.  The defendant broke the

Arbitration Agreement designed by the firm; president (Mr. Nick Khem) never obtained an order

and didn't freeze the accounts before trading in the accounts.  A  "FED CALL" wasn't issued for

either accounts.

SECOND COUNT

Defendant gave misleading statements in the direction of the delivery of the in lieu money

on the Boston Scientific options(MERGER).  By using the ticket in the assignment of the options

to lower the strike price of the option: strike-$30.00/ratio-1.6=$18.75(this would be the intrinsic

value); the in-the-money value; which is still higher than the market price at the time of

assignment.  So this whole assignment is out-of-the-money. Kern County Land Co. v. Occidental

Petroleum Corp., U.S.N.Y.1973, 93 S.Ct. 1736, 411 U.S. 582, 36 L.Ed.2d 503.  Wulc v. Gulf &

Western Industries, Inc., E.D.Pa.1975, 400 F.Supp.99.

So this could be why the defendant broke the arbitration agreement!

(4)

CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that this court enter an order in favor of plaintiff for punitive and compensatory damages in the amount of $50,000,000.00.

Respectfully submitted,

_____

AUGUSTUS T. CAPERS JR.

(5)