**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

AUGUSTUS T. CAPERS, JR.,                    :
                                            :          Civil Action No. 06-5780(SDW)
                    Plaintiff,              :
                                            :
v.                                          :
                                            :
QUEST CAPITAL STRATEGIES, INC.              :          **OPINION**
and                                         :
ADP CLEARING & OUTSOURCING                  :          July 10, 2007
SVCS,                                       :
                                            :
                    Defendants.             :
_____           :

**WIGENTON,** District Judge.

Before the Court are Plaintiff Augustus T. Caper's Application for an entry of default and

default judgment, as well as Defendant Quest Capital Strategies, Inc.'s ("Quest") Motion to

Compel Arbitration and to Dismiss and Defendant ADP Clearing & Outsourcing Services'

("ADP") Motion to Dismiss Plaintiff's Amended Complaint.  Plaintiff has filed no opposition to

Defendants' Motions.  The Court, having considered the parties' submissions and having decided

the motions without oral argument pursuant to Fed. R. Civ. P. 78, and for the reasons set forth

below, denies Plaintiff's Application, grants Quest's Motion to Compel Arbitration and grants

ADP's Motion to Dismiss.  This matter is stayed pending arbitration.

**BACKGROUND**

On January 11, 2007 Plaintiff filed his Acknowledgment of Service as to both

Defendants.  Service was made via certified mail.  Defendants were to respond to Plaintiff's

Amended Complaint by January 22, 2007.  On February 1, 2007, Defendant Quest obtained an

extension of time to answer from the Clerk of the Court, and thereafter filed its Motion to

Compel Arbitration and to Dismiss within the time allowed by the Clerk's extension.  On

February 2, 2007 Plaintiff applied for a default and default judgment, apparently as to both

Defendants.  On February 27, 2007 ADP filed its Motion to Dismiss Plaintiff's Amended

Complaint.

Plaintiff's Amended Complaint contains two Counts: violation of the Arbitration

Agreement and making misleading statements regarding the Boston Scientific options account

(fraud).  It also contains a preliminary statement wherein unauthorized trades are referenced in

accounts 575-12043 and 575-12081.  Plaintiff seeks $50 million in damages.

**DISCUSSION**

A.    Plaintiff's Application for Default and Default Judgment

Federal Rule of Civil Procedure 55(a) provides that when a party has failed to answer or

otherwise respond to a complaint, and that fact is made to appear by affidavit or otherwise, the

clerk shall enter the party's default.  Fed.R.Civ.P. 55(a).  Here, Defendant Quest properly filed its

motion within the time prescribed by the Clerk's extension and was not in default at the time of

Plaintiff's request.  Accordingly, Quest's filing was timely and Plaintiff's request for an entry of

default is DENIED.  Plaintiff's request for a default judgment is moot.

As to ADP, an entry of default is also denied.  First, it appears service of the complaint

was not proper.  ADP was served via certified mail at its New York office.  Pursuant to

Fed.R.Civ.P. 4(h) service on a corporation may be effected by service upon an officer or

someone authorized to receive service.  The rule also provides that service can be made in the

manner prescribed for individuals, specifically, either by the manner prescribed by the law of the

state where the district court is located (New Jersey) or in which service is effected (New York).

See Fed.R.Civ.P. 4(e)(1).  In New Jersey, service can be made by certified mail, but after

personal service is unsuccessful.  See N.J.Ct.R. 4:4-3.  In New York, service on a corporation

shall be made in the manner prescribed by Fed.R.Civ.P 4(h) or by regular mail with an

accompanying statement of service by mail in substantially the same form as statutorily

prescribed. N.Y.C.P.L.R. 311(a)(1); 312-a(a), (d) (McKinney 2006).  The record fails to reveal

evidence of personal service on ADP or submission of an affidavit/statement.

It is well settled that service must be proper in order to receive an entry of default.  Mettle

v. First Union Nat'l Bank, 279 F.Supp.2d, 603 n.3 (D.NJ. 2003)(deeming entry of default void

based on improper service).  Service by certified mail in this case was simply insufficient to

effect proper service.  Id.; Weaver v. State of NY et al., 7 F.Supp. 2d 234, 236-7 (W.D.NY.

1998)(stating that "merely mailing a summons and complaint in this manner does not constitute

service under New York C.P.L.R. 312-a").  Therefore, it appearing that service was not proper,

Plaintiff's request for default and default judgment as to ADP is DENIED.[1]

---

[1]  Even if default had been entered by the Clerk, default judgment based on a late
response to the Amended Complaint would not be proper.  Three factors control whether a
default judgment should be granted: (1) prejudice to the plaintiff if default is denied; (2) whether
the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to
culpable conduct.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir.
1984).  Here, (while not briefed by ADP or Plaintiff) Plaintiff is not prejudiced by the denial of
default judgment, as even assuming proper service, ADP was less than three weeks outside its
time to respond.  In addition, ADP appears to have a litigable defense to the Amended
Complaint, and no record evidence suggests that its delay in filing the motion was due to
culpable conduct.

B.       Defendant Quest's Motion to Compel Arbitration and to Dismiss

Quest is a securities broker-dealer that is registered with the National Association of

Securities Dealers, Inc. ("NASD").  (Certification of Carol Tsai, ¶5.) Plaintiff was employed by

Quest as an independent contractor, serving as a securities registered representative.  Id.  It

appears he was also a customer and maintained at least one personal brokerage account at Quest,

id., bearing account number 575-12043.  His mother also maintained an account with Quest, id.

at ¶10, which Plaintiff appears to have been managing.

During his employment with Quest, Plaintiff signed numerous documents in which he

agreed to relinquish his ability to file suit in federal or state court, including Form U-4, dated

12/28/02, and an Independent Contractor's Agreement, dated 12/28/02, which specifically

explains the arbitration clause and refers the executor to Form U-4.  (Tsai Cert., Exs. B & C.)  He

also executed a margin agreement and options agreement in connection with the account

involved in this suit, 575- 12043.[2]  Both these agreements contain arbitration provisions as well.

(Id. at G & H, respectively.).[3]   The Options Agreement provides:

> I represent that I understand the terms of the arbitration clause, as follows:
> (A) Arbitration is final and binding on the parties
> (B) the parties are waiving their right to seek remedies in court, including the
> right to a jury trial.
> * * *
>
> **the undersigned agrees . . . that all controversies which may arise between us,**
> **including but not limited to those involving any transaction or the**

---

[2]  Based on the numerous documents signed by Plaintiff, it is evident that he has
relinquished the right to file this suit in federal court.

[3]  The other account referenced in Plaintiff's Amended Complaint appears to belong to
Plaintiff's mother, Gertrude Hortense Capers.  She is not a party to this case and to the extent
Plaintiff seeks redress on her behalf or with respect to this account, he has no standing.  His name
is not reflected as a joint account holder.  (Id. at F.)

**construction, performance, or breach of this or any other agreement between us, whether entered into prior, on or subsequent to the date hereof, shall be determined by Arbitration.**  Any arbitration under this agreement shall be conducted before the
[ ] NYSE or [] NASD.

(Options Agreement, Tsai Cert., Ex. H.)

The Options Agreement was executed by Plaintiff on September 27, 2003.  (Id.) Per the

Agreement, he may elect whether to proceed in the NYSE or NASD.  (Id.)

Arbitration is a matter of contract and a party cannot be required to submit to arbitration

any dispute which he has not agreed to so submit.  AT&T Technologies, Inc. v. Communications

Workers of America, 475 U.S. 643, 649 (1986).  It follows then that the question of arbitrability

is an issue for judicial determination and thus, unless the parties clearly and unmistakably

provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the

courts.  Id.

The Federal Arbitration Act ("FAA"), 9 U.S.C. 1, et seq., establishes a strong federal

policy favoring arbitration.  Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226

(1987).  Under the FAA, the district court must be satisfied that the parties entered into a valid

arbitration agreement and that the dispute before it falls within the scope of this agreement before

compelling arbitration.  Great Western Mortgage Corp. v. Peacock, 110 F.3d 222, 228 (3d Cir.

1997).  "In conducting this inquiry, the district court decides only whether there was an

agreement to arbitrate and if so, whether the agreement was valid".  Id.  The FAA provides that

arbitration agreements are "valid, irrevocable and enforceable save upon such grounds as exist at

law or equity for the revocation of any contract".  9 U.S.C. §2.  A federal court must generally

look to the relevant state law on the formation of contracts to determine whether there is a valid

arbitration agreement under the FAA.  Blair v. Specialty Gases, 283 F.3d 595, 603 (3d Cir.

2002).  Here, the agreement complies with relevant New Jersey state law, and there is a specific

jury trial waiver.  See Martindale v. Sandvik, 800 A.2d 872 (N.J. 2002).  At all times, the court

should be mindful that agreements to arbitrate are to be generously construed.  Mastrobuono v.

Shearson Lehman Hutton, Inc., 514 U.S. 52, 62, n.7 (1995)(citation omitted).  "Doubts

concerning the scope of arbitrable issues should be resolved in favor of arbitration".  Great

Western, 110 F.3d at 228 (citations omitted).

In applying these principles, this Court notes that Plaintiff alleges the Arbitration

Agreement was violated in his Amended Complaint, but makes NO allegation that the provision

is invalid.  In fact, as he failed to file any opposition, Plaintiff does not dispute that he executed a

document which provided "that all controversies which may arise between us, including but not

limited to those involving any transaction or the construction, performance, or breach of this or

any other agreement between us, whether entered into prior, on or subsequent to the date hereof,

shall be determined by Arbitration."  (Options Agreement, Tsai Cert., Ex. H.)  Here, the

provision specifically references the waiver of the right to a jury trial, stating "the parties are

waiving their right to seek remedies in court, including the right to a jury trial" and complies with

relevant New Jersey state law.  Further, the Options Agreement appears to be the last document

signed by Plaintiff and according to its language, trumps all other agreements entered into

regarding dispute resolution.  Accordingly, and in light of there being no arguments to the

contrary, this Court finds an agreement between Plaintiff and Quest existed and was valid.

Further, the counts in the complaint specifically deal with the Arbitration Agreement and Options

Agreement (which contained the arbitration provision).  In light of the breadth of the clause and

given that agreements to arbitrate are to be generously construed and all doubts concerning scope

to be resolved in favor of arbitration, Plaintiff is obligated to arbitrate the subject dispute with

Quest as this Court finds that the instant claims fall within the scope of the arbitration agreement.

As will be discussed below, this Court will not dismiss the case, but instead stay the matter

pending the outcome at arbitration.

C.____Defendant ADP's Motion to Dismiss

Defendant ADP contends this matter should be dismissed pursuant to Fed.R.Civ.P.

12(b)(6), as the only arguable claim against it - for fraud - is found in Count 2 and is not plead

with specificity pursuant to Fed.R.Civ.P. 9(b).

This Court is mindful that Plaintiff is pro se and that the Amended Complaint should

therefore be liberally construed.  As noted above, Plaintiff's amended Complaint contains a

statement that he initiated the freezing of his accounts with ADP and that any further trades in

those accounts were unauthorized.  Therefore, the Amended Complaint can be read to contain an

allegation that ADP failed to comply with Plaintiff's instructions and that failure do so caused

further trades to be made, causing his financial losses.  Accordingly, while this Court agrees the

Amended Complaint is virtually incoherent and that it is unclear whether either Count 1 or 2 is

directed at ADP, there is sufficient information in the complaint to otherwise infer a claim

against ADP – such as negligence.

A court may grant a motion to dismiss for failure to state a claim upon which relief can be

granted under Rule 12(b)(6) if "accepting all well-plead allegations in the complaint as true, and

viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."

Oatway v. American Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003) (quotation omitted).

The court need not however, credit a plaintiff's "bald assertions" or "legal conclusions".  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The focus of the court's analysis "is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims.  Oatway, 325 F.3d at 187 (citation omitted).

In all averments of fraud, the circumstances constituting such shall be stated with particularity.  Fed.R.Civ.P. 9(b)(6).  Conditions of mind of a person may be averred generally. Id.  To the extent Plaintiff's action against ADP is predicated on fraud, "to satisfy Rule 9(b), plaintiff must plead with particularity 'the circumstances of the alleged fraud in order to place the defendant on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.' . . .  Plaintiff's may satisfy this requirement by pleading the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegation of fraud.'" Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  However, to the extent that Plaintiff's action is founded on claims other than fraud, such as negligence, his allegations need only satisfy the general pleading requirements of Rule 8.  Accordingly, this Court need not reach the issue of dismissal at this juncture.

The FAA affords a district court "with no discretion to dismiss a case where one of the parties applies for a stay pending arbitration".  9 U.S.C. § 3; Lloyd v. Hovensa, 369 F.3d 263, 269 (3d Cir. 2004).  Once a district court decides to order arbitration, it is obligated to grant a stay.  Lloyd, 369 F.3d at 269.  Here, however, Quest has not sought a stay.  If all the claims involved in an action are arbitrable, the court may dismiss the federal action instead of staying it. See Blair, 283 F.3d at 600.  That is not the case in the instant matter.  Courts typically grant stays

when there are both arbitrable and non-arbitrable claims in the same action and significant

overlap exists between the parties and the issues.  Miron v. BDO Seidman, et. al., 342 F.Supp.2d

324, 334 (E.D.Pa. 2004)(citations omitted).  Here, Plaintiff did not sign an agreement to arbitrate

with ADP.  However, the claim(s) Plaintiff has against it are intertwined with those against

Quest. Therefore, this Court will not dismiss the Complaint as to ADP but will instead exercise

its discretion and stay these proceedings until such time that the arbitration is complete.  The

matter shall be administratively terminated, pending the outcome of the arbitration.  Plaintiff

shall notify the Court, upon completion of the arbitration, if this matter should be restored to the

active docket.

**SO ORDERED.**

s/Susan D. Wigenton, U.S.D.J.